UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE RAINES,

                Petitioner,             Case No. 2:15-cv-13537
                                         Hon. Denise Page Hood

v.

PAUL D. KLEE,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

      Petitioner Terrance Raines filed this application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted after he pled

guilty in the Wayne Circuit Court to second-degree murder.  Mɪᴄʜ. Cᴏᴍᴘ.

Lᴀᴡs § 750.317. Petitioner was sentenced to 22½ to 35 years' imprisonment.

The petition raises a single claim: Petitioner was denied the right to the

effective assistance of counsel when his trial attorney failed to adequately

consult with him and failed to pursue a meritorious defense. The Court will

deny the petition because the claim is without merit. The Court will also deny

Petitioner a certificate of appealability and deny Petitioner permission to

proceed on appeal in forma pauperis.

I. Background

The charges against Petitioner arose after he strangled Kiara Coachman to death in her apartment after the two consumed drugs and alcohol. Petitioner then stole and sold Coachman's cell phone. Petitioner was originally charged with first-degree felony murder and with being a habitual felony offender.

Petitioner was referred for a report on his competency on January 5, 2012. Dkt. 7-1, at 2. Petitioner was found to be competent after a hearing held on February 16, 2012. Id.

At the preliminary examination, held on February 28, 2012, the parties stipulated to the fact that the victim died of strangulation and that she had a blood alcohol content of .04 percent. Dkt. 7-2, at 6-8. Detroit police officer Scott Shea testified at the exam that he interviewed Petitioner on September 13, 2011, after he was read and waived his constitutional rights. Id., at 12-14, 29. Petitioner's statement was reduced to writing. Id., at 30-36. Petitioner stated that he entered the victim's apartment and found her dead. He touched both sides of her neck, and then took her cell phone. Id., at 31-35.

Petitioner was subsequently interviewed by the FBI, and he admitted in this interview that he strangled the victim. Id., at 44-53. Petitioner stated "I choked Kiara due to drugs and alcohol . . . I'm sorry but I was under the

2

influence of drugs and alcohol." Id., at 45. He had been using drugs for a "couple of days straight." Id., at 48.

Another competency hearing was held in August of 2012, after which Petitioner was determined to be competent. Dkt. 7-1, at 3. A report was also generated on August 24, 2012, regarding Petitioner's criminal responsibility. Id. An order for an independent psychiatric evaluation on Petitioner's criminal responsibility was entered on August 28, 2012.

A plea agreement was reached on June 28, 2013. Dkt. 7-3. Defense counsel indicated that he had spoken with Petitioner in some detail, and Petitioner was prepared to accept the prosecutor's plea offer. Id., at 3. Petitioner signed a copy of the plea agreement. Id., at 3-4. The prosecutor indicated that the agreement called for Petitioner to plead guilty to the lesser charge of second-degree murder with a sentencing agreement of 22½ to 35 years, and the charge of first-degree murder would be dismissed. Id., at 4-5. Defense counsel indicated that was also his understanding of the agreement. Id., at 5.

Petitioner was placed under oath. Id. He stated he was 46 years old, could read and right, and he understood what was happening. Id., at 6. Petitioner stated he talked about the plea with his attorney, and he understood

3

the consequences of entering a guilty plea. Id., at 7. He indicated his satisfaction with his attorney's performance. Id. He understood that the original charge of first-degree murder carried a sentence of mandatory life imprisonment. Id.

Petitioner was then informed of all the rights he would be waiving by entering his plea. Id., at 8-9. These included the right to a jury trial, the right to a bench trial, the presumption of innocence, the right to have witnesses against him appear at trial, the right to cross-examine the witnesses against him, the right to call his own witnesses, the right to compulsory process, and the right to remain silent or testify in his own defense. Id. 8-9. Petitioner acknowledged that, knowing all those rights, he wised to give them up and plead guilty. Id., at 9.

Petitioner denied that anyone made any promises to him other than what was placed on the record. Id., at 10. He also denied that anyone had threatened or coerced him into entering his plea. Id. Petitioner affirmed that he was pleading guilty voluntarily and of his own free will. Id. He indicated that he wished to plead guilty to second-degree murder. Id., at 11.

Petitioner then gave a factual basis for his plea. He testified that on September 7, 2011, he went to Kiera Coachman's apartment. Id. Petitioner

4

explained, "me and Mrs. Coachman was using drugs and alcohol. We got into a confrontation, and I strangled her." Id., at 11-12. The court found that Petitioner's plea was understanding, voluntary, and accurate. Id.

Petitioner was subsequently sentenced under the terms of the plea agreement. Petitioner was appointed appellate counsel who filed a motion to withdraw the plea. A hearing was held on the motion, where counsel asserted that Petitioner had a history of mental illness that prevented him from knowing that he would become intoxicated when he consumed drugs and alcohol, circumstances which provided a defense under Michigan law. The trial court denied the motion. Id., at 7-8.

Petitioner then filed an application for leave to appeal, raising the claim presented in his habeas petition. The Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." *People v. Raines*, No. 320513 (Mich. Ct. App. April 10, 2014). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, which again raised the same claim. The Michigan Supreme Court denied the application because it was not persuaded that the question presented should be reviewed by the Court. *People v. Raines*, 853 N.W.2d 368 (Mich. 2014) (table).

5

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law. Where, as here, the Michigan Court of Appeals rejected a petitioner's appeal "for lack of merit in the grounds presented," and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, the state courts' decision are entitled to deference under § 2254(d)(1). See *Werth v. Bell*, 692 F. 3d 486, 492-94 (6th Cir. 2012).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing

6

legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), quoting *Williams*, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103 (internal quotation omitted).

## III. Discussion

Petitioner asserts that he was denied the effective assistance of counsel because his trial attorney failed to contest the charges on the grounds that Petitioner's mental illness coupled with his voluntary intoxication provided a

7

defense. This claim was raised on direct review by appellate counsel, and the Michigan Court of Appeals denied it for lack of merit. This decision did not involve an unreasonable application of established Supreme Court law.

The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

The Supreme Court has confirmed that a federal court's consideration

8

2:15-cv-13537-DPH-DRG   Doc # 8   Filed 10/31/16   Pg 9 of 14   Pg ID 291

of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. See *Premo v. Moore*, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); see also *Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing Premo).

Petitioner asserts that his trial attorney failed to adequately consult with him, and this resulted in the failure to raise a defense centered on Petitioner's history of mental illness coupled with his intoxication when the offense occurred. Petitioner did not present the state court with, nor does he proffer this Court, substantial evidence to back this alleged defense. He has

9

submitted jail records showing that his four appointed trial attorneys met with him in jail on twelve different occasions between January 10, 2012, and June 24, 2013. Dkt. 1, Exhibit A. His state appellate brief asserts that Petitioner suffered from manic depression since 1985, and he was addicted to alcohol, marijuana, and hashish since age 13. But he has not proffered any evidence to show that his counsel failed to consider raising a mental-state defense, or that the decision to advise Petitioner to accept the plea bargain was deficient in light of the prospects of succeeding at trial on such a defense.

It is true that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. See *Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006). Petitioner, however, has not established that his attorney failed to investigate his case or was deficient for advising him to accept a plea.  The docket sheet from the trial court, as indicated above, shows that his various appointed attorneys met with him in jail on multiple occasions. Petitioner was referred for an evaluation as to his competency multiple times, and he was referred for an evaluation as to his criminal responsibility. The state court also ordered an independent evaluation as to criminal responsibility. Petitioner has failed to proffer this

10

court with evidence that any of these evaluations suggested that he had a meritorious defense to the charges based on his mental state at the time of the offense.

Accordingly, counsel's strategy of pursuing a plea deal and foregoing other avenues of defense was reasonable given the charges against Petitioner, the fact there is no evidence that the evaluations suggested the presence of a meritorious defense, the fact Petitioner made incriminating statements, and in light of the benefit obtained by the plea bargain. It is well-settled that conclusory allegations of ineffective assistance of counsel are insufficient to warrant habeas relief. See, e.g., *Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); see also *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review). Petitioner simply has failed to present any evidence, either to the state courts, or to this Court, that he had a viable defense that his counsel failed to pursue. See e.g. *Sneed v. Johnson*, 600 F. 3d 607, 611 (6th Cir. 2010).

The Court concludes that Petitioner has therefore failed to establish that

his trial counsel was ineffective. The Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary, and that the state courts did not unreasonably apply Supreme Court law in rejecting his habeas claim. Habeas relief is not warranted.

## IV. Conclusion

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. ' 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. ' 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must issue or

deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing ' 2254 Cases, Rule 11(a), 28 U.S.C. foll.' 2254.

Petitioner has not made a substantial showing of the denial of a constitutional right with respect to his claim. A reasonable jurists would not debate whether the Court correctly denied relief with respect to this claim. Accordingly, a certificate of appealability will not be denied. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal would be frivolous. 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).

V

Accordingly, it is ORDERED that the petition for writ of habeas corpus is DENIED.

It is further ORDERED that a certificate of appealability is DENIED.

It is further ORDERED that permission to appeal in forma pauperis on appeal is DENIED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: October 31, 2016

13

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2016, by electronic and/or ordinary mail.

S/Shawna C. Burns
Case Manager Generalist

14